(No. 1569— )

MINNIE E. KUNTZ, ADMINISTRATRIX OF THE ESTATE OF DANIEL A. KUNTZ, Deceased, vs. STATE OF ILLINOIS; Respondent.

*Opinion filed May 14, 1931.*

O. C. SMITH, for claimant.

OSCAR E. CARLSTROM, Attorney General; ROY D. JOHNSON and CARL I. DIETZ, Assistant Attorneys General, for respondent.

Mr. CHIEF JUSTICE CLARITY delivered the opinion of the court:

This is a claim filed by the administratrix of the estate of claimant to recover damages under the Workmen's Compensation Act. It appears that claimant was employed as a teamster at the Illinois Soldiers' and Sailors' Home at Quincy, Illinois. His duties appeared to be using a team and wagon supplied for the purpose of hauling. He worked under the direction of the Chief Engineer. On Dec. 2nd, 1929, the team used by deceased needed to be shod and he went to the building in which the office of the head gardner was located to secure a proper order for shoeing the horses. At the time there were present in this office the deceased, the head gardner Diker who sat at his desk working, also a farm laborer. In a pigeon hole of Mr. Diker's desk there was a half pint unlabeled bottle containing a reddish brown liquid. There being some conversation as to what the bottle contained, one of the parties smelled and investigated the contents. The deceased picked up the bottle and took a swallow of its contents. The deceased immediately became ill. He was rushed to the hospital and died on the way. It appeared that the bottle contained nicotine solution.

This court is of the opinion that this is a case that would not come under the Workmen's Compensation Act. The deceased was a teamster and his duties did not include tasting liquids and it can be stated as a fact that he was not acting in the line of duty when he tasted and swallowed a portion of this bottle of liquid. He assumed the risk and the injuries sustained was a hazard created by curiosity or otherwise.

It would appear to this court that a private corporation would not be called upon to respond in a case of like nature. The employe went beyond his line of duty and suffered the unhappy consequences. If it were the duty of deceased to sample contents of bottles then of course it would be considered extra hazardous as defined by statute. But he went beyond his line of duty and was not acting under instructions from a superior and therefore the court is unable to find any liability on the State of Illinois and it is recommended that this claim be disallowed.